. DISSENTING OPINION BY
JUDGE COSGROVE
Within the context of affirming the expansive nature of an employer’s right to subrogation under Section 319 of the Workers’ Compensation Act (Act),[1] the Majority recognizes that this right is not without limitation. One such restriction is present when the employer acts in “bad faith or dereliction of duty..Majority, op. at 511 (internal citation omitted). As the Majority and I disagree on the application of this bad . faith doctrine to the present case, I must dissent.
Bad faith, as an impediment to an otherwise absolute right to subrogation has its genesis in our Supreme Court’s decision in Thompson v. Workers’ Compensation Appeal Board (USF&G), 566 Pa. 420, 781 A.2d 1146 (2001). In that case, the Court favorably noted the decision of the United States District Court for the Eastern-District of Pennsylvania in Curtis v. Simpson Chevrolet, 348 F.Supp. 1062 (E.D. Pa. 1972). The question of bad faith arose.in Curtis in the context of whether an employer’s actions may have, at least in part, interfered with presentation of the claim against a third party, thus precluding the employer’s subrogation claim. Although the Curtis court ultimately allowed the subrogation claim to proceed, the Supreme Court noted that a showing of “bad faith” may have “altered [the District Court’s] analysis,” Thompson, 781 A.2d at 1154.
In the present case, Eastern Industries, Inc. (Employer) contested what was an otherwise valid • workers’ compensation claim. The Majority holds that “Employer was well within its rights to contest [Anthony Kalmanowicz’s] Claimant’s claim petition and was under no obligation to accept the work-relatedness of any injury ■Claimant sustained...” Majority, op. at 511.' Caveat to Employer’s right is the responsibility that any such contest be made in good faith. Whether Employer’s actions in this case constitute good faith, and whether its actions impacted pursuit of the third-party claims, are open questions. As such, and at the very least, I would remand this matter for review of these' questions. Although respecting the Majority’s thoughtful analysis, I am thus compelled to dissent.[2]’[3]

. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 671.

. The Majority notes that "Claimant cites no precedent to support his argument...." Majority opinion at 511, There is likewise no precedent contrary to. Claimant’s position, although presenting its Opinion in published form, the Majority creates such here. A decision of such consequence should not be decid *513 ed unargued, and by a three judge panel of this Court. It instead should be addressed en banc so as to allow its magnitude to reflect the position of the entire Court.

. The Majority suggests that Claimant has not raised the question of Employer’s bad faith, thus precluding us from remanding this matter to explore that issue. Since it is Claimant's position that the challenge to his claim negates the right to subrogation, examination of the bad faith question is well within the context of that position and thus welcomes remand.